NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN GEOVANY LEYVA-MARTINEZ, | No. 17-71072 |
| Petitioner, | Agency No. A097-543-682 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2022[**]
Pasadena, California

Before: BENNETT and KOH, Circuit Judges, and KATZMANN,[***] Judge.

Marvin Leyva-Martinez ("Petitioner"), a native and citizen of Honduras,

petitions for review of the denial of his applications for withholding of removal

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Petitioner entered the United States in 2004. In February 2013, Petitioner was arrested for, and later convicted of, aiding and abetting an exhibition of speed in violation of California law. Following this conviction, the Department of Homeland Security initiated removal proceedings against Petitioner. Petitioner conceded removability and applied for asylum, withholding of removal, and CAT protection on October 7, 2014. In his application, Petitioner stated that he feared returning to Honduras because he was afraid of his former gang, Mara Salvatrucha ("MS"), which he had "abandon[ed]."

Sometime in 2014, after removal proceedings began, Petitioner received a prominent face tattoo with the letters "MS" on his upper lip. On November 29, 2016, Petitioner submitted a second application for asylum, withholding of removal, and CAT protection. In his second application, Petitioner stated that he was not in the MS gang anymore, and that he feared returning to Honduras because of his visible gang tattoos.

An immigration judge ("IJ") conducted a merits hearing on November 30, 2016. At the merits hearing, Petitioner admitted that he lied in his application for asylum, withholding of removal, and CAT protection about being a former gang member. Petitioner admitted that he was a current MS gang member.

2

On November 30, 2016, the IJ denied Petitioner's application for asylum, withholding of removal, and CAT protection. The IJ determined that Petitioner was not a credible witness because he lied about his gang membership status. The IJ denied Petitioner's applications for asylum and withholding of removal because Petitioner's testimony, which constituted the primary bases for his claims for asylum and withholding of removal, was not credible. The IJ also denied Petitioner's application for CAT protection because Petitioner did not present sufficient evidence to establish that he would more likely than not be tortured because of his gang-related tattoos upon his return to Honduras. On April 4, 2017, the Board of Immigration Appeals ("BIA") agreed with the IJ's decision.

Before this court, Petitioner challenges only the IJ and BIA's decisions regarding his entitlement to withholding of removal and CAT protection.

1. Petitioner is not entitled to withholding of removal because the IJ's adverse credibility determination is supported by substantial evidence. To qualify for withholding of removal, an applicant must show a "'clear probability' of future persecution." *Garcia v. Holder*, 749 F.3d 785, 792 (9th Cir. 2014) (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)). "That persecution must be apparent from objective evidence." *Id.* A petitioner carries the burden of persuading the fact finder that the evidence offered is credible. *Id.*

Under our case law, lying to immigration authorities during removal

3

proceedings is evidence that supports an IJ's adverse credibility determination. *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Petitioner admitted that he lied. Without credible testimony, Petitioner cannot carry his burden to prove he is entitled to withholding of removal. *See Garcia*, 749 F.3d at 792. Therefore, the IJ and BIA's decision denying Petitioner withholding of removal is supported by substantial evidence.[1]

2. Petitioner is not entitled to CAT protection because the IJ and BIA's decisions are supported by substantial evidence. To be entitled to CAT protection, a noncitizen is required to demonstrate to the IJ and BIA that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(1) & (2).

To carry his burden, Petitioner cites only the country report for Honduras and one "travel warning" from the Department of State. Both documents state that there is some police corruption and gang violence, but the country report also states that Honduran law enforcement is attempting to combat gang violence and police corruption. Neither document provides evidence that people with gang tattoos, like Petitioner, will face high risk of torture. Instead, Petitioner's evidence

---

[1] Petitioner also challenges the IJ and BIA's determination that he failed to show a clear probability that his life or freedom would be threatened on account of a protected ground. We need not address this argument because we affirm IJ and BIA's adverse credibility determination.

shows only generalized corruption and gang violence.  Under our precedent,

"[g]eneralized evidence of violence in a country is itself insufficient to establish

that anyone in the government would acquiesce to a petitioner's torture."  *B.R. v.*

*Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (citations omitted).  Petitioner's

evidence does not support a finding that he will more likely than not be tortured if

removed to Honduras.  Therefore, the IJ and BIA's decisions are supported by

substantial evidence.

**PETITION DENIED.**